#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THEOTIS WILLIAMS, #B18100,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 20-cv-00503-SMY |
| | ) |
| **ROB JEFFERYS, JOHN EILERS, ALYSSA** | ) |
| **WILLIAMS, DANIEL Q. SULLIVAN,** | ) |
| **MORGAN THAYLER, MAJOR LOVE,** | ) |
| **SHANE TASKY, S. ENGLER, TONY** | ) |
| **BUTLER, and C/O HOXWORTH,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Theotis Williams, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). He asserts violations of the First, Eighth, and Fourteenth Amendments and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

Plaintiff filed a motion seeking to supplement the Complaint with a copy of a response from the Administrative Review Board (ARB) to an appeal of a grievance he filed. (Doc. 14). He

states the Complaint in this lawsuit was filed while the grievance he submitted to the ARB was still pending and seeks to submit the response from the ARB as proof that he exhausted his administrative remedies as to the claims in this lawsuit. Plaintiff's motion will be granted. The supplement to the Complaint raises the issue of whether this lawsuit was filed prematurely – before Plaintiff had fully exhausted his administrative remedies within the prison system.

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The Seventh Circuit requires strict adherence to the exhaustion requirement, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle,* 534 U.S. 516, 52425 (2002). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir.1999). Thus, "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). An attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir.2004); *Perez*, 182 F.3d at 536–37.

Failure to exhaust administrative remedies is an affirmative defense. However, when it is clear from the face of the Complaint that a prisoner has not exhausted his available remedies, the

Complaint fails to state a claim upon which relief may be granted. *Jones v. Bock,* 549 U.S. 199, 214–215 (2007); *see also Walker v. Thompson,* 288 F.3d 1005, 1009–10 (7th Cir.2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous"). Here, Plaintiff filed his Complaint on June 1, 2020, while his appeal to the ARB on his grievance related to the claims in this lawsuit was still pending. (Doc. 14). The ARB response is dated August 24, 2020. (*Id.*, p. 3). Because the failure to exhaust is obvious by Plaintiff's own admission, this action is subject to dismissal pursuant to § 1915A. The dismissal shall be without prejudice[1] to Plaintiff re-filing his claim in a new lawsuit.

## Disposition

Plaintiff's Motion to Supplement Pending Complaint (Doc. 14) is **GRANTED**.

Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915A and 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies before filing suit. The dismissal **SHALL NOT** count as a strike under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be non-meritorious, Plaintiff may incur a "strike."

If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2);

---

[1] "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

*Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

**IT IS SO ORDERED.**

**DATED: December 4, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**